UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RUSSELL ODOM** <br> *d/b/a Third Coast Environmental* <br>     *Plaintiff, Counter Defendant* <br><br> VS. <br><br> **LAZARUS LOUISIANA REFINERY, LLC** <br>     *Defendant, Counter Claimant* | **CIVIL ACTION NO. 07-0695** <br><br> **MAGISTRATE JUDGE METHVIN** <br> **BY CONSENT OF THE PARTIES** |

*RULING ON MOTION TO COMPEL DISCOVERY*
*(Rec. Doc. 28)*

Before the court is the motion to compel discovery responses and for sanctions filed by defendant on April 18, 2008.[1] The motion is set on the undersigned's May 28, 2008 motion calendar with oral argument at 9:30 a.m. As of this date, no opposition has been filed, and the deadline for the filing of an opposition has expired.[2]

This matter is set for a bench trial before the undersigned on September 11, 2008. The pre-trial conference is scheduled for August 12, 2008 at 10:00 a.m.

Defendant seeks an order requiring responses to its second set of discovery and request for production of documents hand-delivered to plaintiff's counsel, Paul E. Brown, on March 6, 2008. Defendant contends that plaintiff has failed to respond to the discovery requests. Defendant's counsel, H. Kent Aguillard, certifies that he telephoned Brown twice, leaving a message for him through his office, and also attempted to communicate via e-mail. Aguillard

---

[1] Rec. Doc. 28.

[2] Local Rule 7.5W requires that written opposition to a motion be filed within fifteen (15) days after service of the motion. Therefore, defendant's opposition was due on or before May 6, 2008.

2

advises that Brown informed him by letter that he forwarded the discovery requests to plaintiff on March 6, 2008 and that he contacted plaintiff by telephone on March 19, 2008. Apparently, plaintiff has not responded to the communications from his counsel, as Aguillard advises that no responses have been received.[3]

Defendant also seeks sanctions, including dismissal of Odom's claims, or alternatively, an order requiring plaintiff to respond within 24 hours of the court's order. Defendant also seeks costs and attorney's fees in bringing the motion to compel. Defendant argues that plaintiff has not been diligent in complying with his obligations under the federal rules of civil procedure and this court's local rules. Defendant points out that plaintiff named four Lazarus entities as defendants and refused to dismiss the three incorrectly-named defendants even after demand and proof that they were not the correct entities. Because plaintiff would not voluntarily dismiss, defendant was obliged to file a motion for summary judgment, which was unopposed. Judge Doherty granted the motion on August 8, 2007.[4]

Defendant does not cite a specific rule to support its request for dismissal of plaintiff's complaint. Fed.R.Civ.P. 41(b) permits a district court to dismiss an action for failure to prosecute upon the motion of the defendant or upon its own motion to achieve the orderly and expeditious disposition of cases. <u>Morris v. Ocean Systems, Inc.</u>, 730 F.2d 248, 251 (5th Cir. 1984).

Here, plaintiff has twice showed lack of diligence by failing to voluntarily dismiss improperly named defendants in the face of evidence provided by defendant, and in failing to

---

[3] Rec. Doc. 28, p. 2.

[4] Rec. Doc. 14.

3

timely respond to discovery requests. However, plaintiff has not disobeyed any court order, and no clear record has been established that plaintiff is in bad faith or guilty of contumacious conduct. Under the circumstances presented, dismissal would be premature at this juncture. Rule 37(a)(5)(A), however, mandates an award of attorney's fees and costs as a result of plaintiff's failure to respond timely to requested discovery. Considering the foregoing,

**IT IS HEREBY ORDERED** that the motion to compel is **GRANTED** and the hearing on the motion set for May 28, 2008 at 9:30 a.m. is **CANCELED**.

**IT IS FURTHER ORDERED** that the discovery responses shall be provided to defendant *within ten days of the date of this order.*

**IT IS FURTHER ORDERED** that, pursuant to F.R.Civ.P. 37(a)(5)(A), plaintiff shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of the extant motion to compel. Counsel for plaintiff shall file a motion to set attorney's fees and an affidavit of fees and costs into the record *on or before June 5, 2008* in order to assist the court in the assessment of a reasonable fees and costs award. The affidavit(s) shall contain: (1) the customary hourly rate of each attorney and paralegal involved; (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred. *Failure to file the motion to set attorney's fees within the deadline or the affidavit in the form required and/or within the deadline imposed will render the award null and void.*

**IT IS FURTHER ORDERED** that objections to the affidavit shall be filed *on or before June 19, 2008*.

4

The Clerk of Court shall notice any motion and affidavit filed for consideration on the undersigned's June 25, 2008, motion calendar, without oral argument, as an "assessment of Rule 37(a)(4) fees and expenses."

Signed at Lafayette, Louisiana, on May 20, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)